**Opinion issued December 9, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-00956-CR

————————————

## IN RE MICHAEL RATLIFF, Relator

———

## Original Proceeding on Petition for Writ of Mandamus

———

## MEMORANDUM OPINION

Michael Ratliff, incarcerated and acting pro se, has filed a petition for writ of mandamus (1) claiming that the copy of the record he received during the appeal of his now final conviction was incomplete and (2) requesting that we compel the Harris County District Clerk to send Ratliff "a complete copy of the appellate clerk's record."[1] We dismiss the petition for lack of jurisdiction.

---

[1] The underlying case is *The State of Texas v. Michael Ratliff*, cause number 1522186, in the 179th District Court of Harris County, Texas.

On March 2, 2020, Ratliff was convicted of capital murder and sentenced to life imprisonment without the possibility of parole. On appeal, Ratliff's appointed counsel filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Pursuant to an order from our Court, the district clerk provided Ratliff with a copy of the record on October 26, 2020. Ratliff subsequently filed a pro se response to counsel's *Anders* brief.

On February 12, 2022, our Court issued an opinion affirming the trial court's judgment and granting counsel's motion to withdraw. *See Ratliff v. State*, No. 01-20-00337-CR, 2022 WL 479909, at *1 (Tex. App.—Houston [1st Dist.] Feb. 17, 2022, no pet.) (mem. op., not designated for publication). Ratliff filed a motion for rehearing on March 3, 2022, that our Court denied on April 14, 2022. Our mandate issued on June 22, 2022, and Ratliff's conviction became final. *See Beal v. State*, 91 S.W.3d 794, 796 (Tex. Crim. App. 2002) (conviction becomes final when appellate court issues its mandate affirming conviction).

On November 17, 2025—almost two and a half years after his conviction became final—Ratliff filed the present petition for writ of mandamus requesting that we compel the district clerk to send documents Ratliff claims should have been included in the copy of the appellate record he received in October 2020.

This Court's mandamus jurisdiction is governed by Section 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE § 22.221. A court of appeals may issue writs of mandamus against (1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district; (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52 of the Code of Criminal Procedure in the court of appeals district; or (3) an associate judge of a district or county court appointed by a judge under Chapter 201 of the Family Code in the court of appeals district for the judge who appointed the associate judge. *Id.* § 22.221(b). The courts of appeals also may issue all writs necessary to enforce the court of appeals' jurisdiction. *Id.* § 22.221(a).

We have no authority to issue a writ of mandamus against a district clerk unless it is necessary to enforce our jurisdiction. *See In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (holding that court of appeals has no jurisdiction to issue writ of mandamus against district clerk unless necessary to enforce its jurisdiction). Ratliff has not claimed or shown that the requested relief is necessary to enforce the jurisdiction of our Court.

Here, there is no jurisdiction for our Court to enforce because Ratliff's conviction is final, and no appeal is pending in this Court. Any relief related to Ratliff's conviction can only be granted by a post-conviction writ of habeas corpus. Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction

felony proceedings, which are governed by Article 11.07 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 11.07; *Olivo v. State*, 918 S.W.2d 519, 525 n. 8 (Tex. Crim. App. 1996); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "Courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. Article 11.07 contains no role for the courts of appeals." *In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (internal citations omitted).

Accordingly, we dismiss the petition for lack of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).